James E. JOHNSTON
v.
The UNITED STATES.
No. 4948.

United States Court of Claims.
April 3, 1956.

Guy Emery, Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the briefs.

Frances X. Daly, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues for flight pay, i. e., the 50 percent which he says should have been added to his pay as an officer, for the period December 1, 1947 to February 28, 1949. His military career is recounted in detail in our findings of fact. Only those parts of it immediately relevant to the discussion will be given in this opinion.

In January 1941, the plaintiff held a commission in the Field Artillery Reserve. He was in that month called to extended active duty. Because of civilian experience in flying, he was rated as a "service pilot" and was put on flying status, i. e., he was "required to participate in regular and frequent aerial flights." He held this rating and flying status throughout World War II, and received flight pay.

The "service pilot" rating was established by the Army Air Corps in the early days of World War II when there was a shortage of pilots. One who had only the rating of service pilot could not be assigned to aerial combat duty.

After the war the plaintiff in 1946 returned to inactive duty status and remained in that status until June 16, 1947, on which date he returned to active duty as a Lieutenant Colonel, Army Air Corps Reserve. During the period of his inactive status he had applied for the aeronautical rating of pilot. A board of officers was convened to examine his qualifications. It found that he was qualified and recommended that he be ordered to Orlando Air Force Base, Orlando, Florida, to take the flight test examination. Such orders were issued on June 9, 1947, and on June 25 the board which conducted the flight test examination recommended that he be granted the aeronautical rating of pilot. The official orders, rerating him from service pilot to pilot, and requiring him to participate in regular and frequent aerial flights while serving on active duty with the Army Air Force were not issued until July 31, 1947.

In the meantime the plaintiff had, as we have seen, returned to active duty with the Air Corps on June 16, 1947. On June 19 he was appointed a First Lieutenant in the Regular Army, and he accepted the appointment on June 30. This was the beginning of his troubles. Under the applicable regulations, officers of the Regular Army who held ratings as service pilot were not eligible for re-rating as pilot, but were to be suspended from flying duty. Since the plaintiff had become an officer in the Regular Army on June 30, the issuance of his rating as pilot on July 31 had been an administrative error, and it and his orders to participate in flights were revoked by new orders issued on October 17, 1947.

The plaintiff was, at the time of these latest orders, stationed at a base in Greenland. On December 6, 1947, he was verbally notified by his commanding officer there that his flying orders had been rescinded, and later in December he received copies of the October 17 orders. He had, between July 31 and December 6, done considerable flying and received flight pay for it, which the Government does not ask him to refund. But after he received notice of the October 17 orders he logged 27 hours' first-pilot time and 5 hours 5 minutes' co-pilot time. He submitted a voucher for

flight pay for December and collected $200.52 flight pay for that month. His commanding officer, about February 2, 1948, instituted proceedings for the revocation of the plaintiff's commission, because he had claimed and collected flight pay for December. A board of officers recommended that the plaintiff's commission be revoked.

The plaintiff refunded the $200.52 and demanded a court-martial trial. Such a trial was held in Washington, D. C., in November 1949, on charges of fraud, making a false statement to his commanding officer, and absence without leave. The plaintiff was acquitted, the acquittal being announced on January 23, 1950.

In 1948 the policy prohibiting officers in the Regular Army and the Regular Air Force from being rerated from service pilot to pilot was changed. On June 16, 1948, the Air Force notified the plaintiff and other officers similarly situated that they might apply for a rerating from service pilot to pilot. The plaintiff applied, and was examined on July 6, 1948. The examining board recommended his rerating. But the orders rerating him and placing him on flying status were not issued until January 24, 1950, which· was the day after his acquittal by the court-martial.

The reason for the withholding of the plaintiff's orders was the pendency of the charges against him and the court-martial proceedings. We have no reason to conclude that there was anything arbitrary or capricious about the Air Force's withholding what was, in effect, a promotion to an officer while he was under charges. The letter quoted in finding 17 stating that the writer would "not permit official action regarding [plaintiff's] rerating to be affected by disciplinary considerations" seems to have been meant by the writer to say that the plaintiff would not be prevented from applying and being examined for his rerating because he was under charges. He was not, in fact, so prevented, as we have seen, and his official orders were issued immediately after his acquittal. We think the Air Force did not violate the law nor its own regulations in withholding his orders.

The plaintiff relies strongly on Executive Order 9195 of July 7, 1942, U.S. Code Cong.Service 1942, p. 1006, as amended, which says:

"2. Each officer * * * who is a qualified aircraft pilot and who is not unfit for duties as such, and who is commissioned in the Army Air Corps or on duty with the Army Air Forces * * * shall be required to participate regularly and frequently in aerial flights; orders requiring such flights shall be issued by the Commanding General of the Army Air Forces or by such officers as he may designate * * *."

The plaintiff was without a doubt a "qualified aircraft pilot" in the factual sense that he was an able flier. But he was not qualified in the sense of having the official rating required by other regulations. Even if he had been, we think that though a commanding general might be in violation of the Executive Order in not issuing orders requiring the officer to fly, the officer would not be entitled to flight pay under the statute if in fact he did not fly, and fly under orders.

The plaintiff's petition will be dismissed. It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.